IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    2006 APR -5  A 9: 56

| | | |
|---|---|---|
| RUTH ELIZABETH STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| K MART CORPORATION, | ) | Civil Action No.: CV-06-502 |
| and ABC...those persons, | ) | 2:06CV302- SRW |
| organizations or businesses | ) | |
| whose names are unknown at this | ) | |
| time, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Petitioner, K-Mart Corporation (hereinafter "Kmart"), by and through the undersigned counsel, and files this Notice of Removal, respectfully showing unto this Honorable Court as follows:

1.    Kmart is the sole named Defendant in a civil suit filed in the Circuit Court of Montgomery County, Alabama. The style of the action in the Circuit Court is *Ruth Elizabeth Stone v. Kmart Corporation., et al.*, CV-2006-502.  The complaint identifies fictitious parties "A,B,C," described as "those persons, organizations or businesses whose names are unknown at this time." Pursuant to 28 U.S.C. §1441, the citizenship of fictitious parties is disregarded for purposes of removal.   A copy of the Summons and Complaint is attached hereto and marked as Exhibit "A."

2.    Kmart was at the time of the filing of said suit a corporation organized and existing under the laws of the State of Michigan, having its principal place of business in Troy,

1

Michigan. Kmart is not a resident citizen of the State of Alabama within the meaning of the

Judiciary Article of the Constitution of the United States and the Acts of Congress creating

diversity jurisdiction in the Federal Courts and governing the removal of causes from State

Courts to Federal Courts on the ground of diversity of citizenship.

3.      The plaintiff, Ruth Elizabeth Stone, avers in the Complaint to be a resident citizen

of Montgomery County, Alabama, and to the best information and belief of Kmart, does now,

and did at the time of the filing of the Complaint in the Circuit Court of Montgomery County,

Alabama, reside within the State of Alabama.

4.      The Complaint filed by the plaintiff demands an unspecified amount of

compensatory and punitive damages in excess of the jurisdictional minimum of the Circuit Court

of Montgomery County, Alabama, as well as costs.

5.      The Complaint in the instant case alleges that Kmart  maliciously caused the

plaintiff to be arrested for theft of property, and that the prosecution of the Plaintiff thereafter

was nolle prosequi after several months.  Counsel for Kmart has identified cases involving

similar claims of malicious prosecution in which the amount in controversy exceeded the amount

of $75,000.00.  A sampling of these cases is summarized below.  (See also Affidavit attached as

Exhibit "B").

In consolidated cases from Jefferson County, Alabama, Bessemer Division alleging

malicious prosecution, two plaintiffs were awarded damages totaling $4,000,000 by a single jury.

*Sonja Perdue v. Kmart Corporation and Doug Sharp*, CV-94-0309 and *Debra Cameron v.*

*Kmart Corporation and Doug Sharp*, CV-93-0939.  The plaintiffs alleged that they were

wrongfully arrested and prosecuted for shoplifting and ultimately were acquitted of the charges.

*Cameron v. Kmart*, 708 So. 2d 106, 107 (Ala. 1997). The jury in the civil case awarded the plaintiffs $2,000,000 each. *Id.*

A Macon County, Alabama jury awarded $3,200,000 in damages to a woman who was arrested for shoplifting when she tried to return a phone that she had bought earlier from the defendant's store. The plaintiff was tried for theft and found not guilty, then sued the merchant for malicious prosecution. *Goodman v. Wal-Mart Stores, Inc.*, CV-97-52, Macon County, Alabama. The judgment for the plaintiff was affirmed conditionally on appeal, with a reduction in punitive damages from $3,000,000 to $600,000. *Wal-mart Stores v. Goodman*, 789 So. 2d 166 (Ala. 2000).

In *Lilly v. Beaty*, CV-89-012, Barbour County, Alabama, a plaintiff was awarded $1,025,000 in damages for malicious prosecution after he was acquitted of assault charges resulting from a fight with a salesman who had called on the plaintiff's business. *See Ford New Holland, Inc. v. Beaty*, 602 So. 2d 1198 (Ala.1992).

In *Bryant v. Delchamps, Inc.*, CV-94-3286, Jefferson County, Alabama, a Jefferson County Jury award $400,000 in damages to a plaintiff who alleged malicious prosecution by the defendant. The plaintiff claimed that at the time the theft that he was accused of occurred, he was incarcerated in the Bullock County, Alabama jail. After learning of the plaintiff's alleged incarceration, the defendant hired outside counsel to determine the validity of that claim by the accused. Neither the Bullock County District Attorney's office, the investigating officers, nor the county correctional facility could conclusively prove that the plaintiff was physically incarcerated on the day of the theft. Relying on the advice of its counsel, the defendant elected to proceed with the prosecution, which was ultimately nol prossed. As noted, the subsequent civil

3

suit for malicious prosecution resulted in a large award to the plaintiff despite the apparent
reasonableness of the defendant's actions.

Finally, in *Gulf States Paper Corp. v. Hawkins*, a Tuscaloosa County jury awarded a
former employee of the defendant $200,000 in damages on a malicious prosecution claim against
his former employer. 444 So. 2d 381, 386 (Ala. 1983). The plaintiff was arrested and charged
with theft of property in the first degree following an investigation in which the defendant
employer determined that there was a discrepancy between the number of plats that had been
prepared by the defendant and the number of invoices. *Id.* The investigation by the defendant
employer also revealed that checks for several plats had been made payable to the plaintiff in the
amount of $2,190, and that the plaintiff had cashed the checks and placed the proceeds in his
desk drawer. *Id.* The criminal action against the plaintiff was bound over to the grand jury,
who rendered a "no bill" on two separate occasions. *Id.*

Each of the above cases shows that allegations like those made by plaintiff Ruth
Elizabeth Stone frequently result in high verdicts in Alabama courts, in excess of the
jurisdictional minimum of this Court.

6.      Furthermore, this Court has previously accepted jurisdiction over a similar claim
of malicious prosecution against Kmart. See *Jason M Rhodes v. K-Mart, Inc.*, CV-03-S-935-N,
in the United States District Court for the Middle District of Alabama, Northern Division. In
*Rhodes*, defendant Kmart allegedly caused the plaintiff to be arrested on a charge of criminal
mischief. The plaintiff subsequently demanded a judgment against Kmart in the amount of
$500,000, plus interest and costs.

7.      The United States District Court for the Middle District of Alabama, Northern

4

Division, has jurisdiction of this cause by virtue of the diversity of citizenship of the parties under 28 U.S.C. Sections 1332 and 1441.

8.    No change in citizenship of the parties to this case has occurred since the commencement of this suit.

9.    The Summons and Complaint filed in the Circuit Court of Montgomery County were served on Kmart on or about March 7, 2006. This Petition is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the time provided by law for the removal of actions to the United States District Court.

10.    A true copy of this Notice has been filed with the Clerk for the Circuit Court of Montgomery County, Alabama, as required by law.

11.    The petitioner shows further that records of Kmart's claims agent for its Chapter 11 case filed in the United States Bankruptcy Court for the Northern District of Illinois, indicate that plaintiff Ruth Elizabeth Stone's claim may be barred by the provisions of the bankruptcy court's Confirmation Order confirming Kmart's Plan of Reorganization. By filing this Notice of Removal, defendant Kmart is not waiving any objection or defense to the plaintiff's claim under the Confirmation Order.

**WHEREFORE**, Petitioner Kmart Corporation respectfully requests that this Honorable Court make the proper orders to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, to this Court, and such other and further orders as may be appropriate for the  preparation and filing of a true record in this case of all proceedings that may have been had in the Circuit Court.

Mark S. Boardman (BOA001)
Daniel P. Ogle (OGL008)
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _3ᵈ_ day of **April, 2006**, served a copy of the foregoing by mailing a copy of the same by United States Mail properly addressed and first class postage prepaid, to wit:

Susan G. James, Esq.
Denise A. Simmons, Esq.
SUSAN G. JAMES & ASSOCIATES
600 South McDonough Street
Montgomery, Alabama 36104

Of Counsel