IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**RUTH ELIZABETH STONE,**

    **PLAINTIFF,**

                                                                   **CV 2; 06-cv-302-SRW**

**v.**

**K MART CORPORATION,**
**and ABC... those persons,**
**organizations or businesses**
**whose names are unknown at this time,**

    **DEFENDANTS.**

### RESPONSE TO MOTION TO DISMISS

Comes now the plaintiff, Ruth Stone and responds to defendant's Motion to Dismiss as follows:

Kmart Corporation filed theft of property charges against Ruth Stone . These charges resulted in an indictment. Ms. Stone continued to assert her innocence and her right to a trial by jury, and at no time until the charges were nolle prosequi by the State on February 23, 2004, did the defendant or its representative(the State) indicate that it would not prosecute the case. The February 2004 date, as conceded by the defendant, was approximately some nine months past the "Bar date" contained in the reorganization plan/confirmation order. Ms. Stone was not given notice of this "contingent claim" filing requirement, and furthermore, her case had

not reached the stage in the process where she obtained the final element necessary to effectuate a claim for malicious prosecution.

Plaintiff's claim should not be dismissed. In a case similar in nature to this case the Eleventh Circuit decided that the provisions of 11 U.S.C. §524 apply only with respect to the personal liability of the debtor and that when it is necessary to continue a suit against a debtor in order to establish the liability of another, such as an insurer, such suit would not be barred. *In re Jet Florida Systems, Inc., 883 F. 2d 970 11th Cir. 1989)*

In that case the court reasoned that section 524 was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required and that the statutory language of section 524 does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer. *Ibid.*

In fact in , *Wilmer v Mann(In re Mann), 58 Bank. 953, 956(Bankr. W.D. Va. 1986)*, the court, in that case, reasoned that the goals of section 524 would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from an insurer. It reasoned that when an insurer is liable for the debtor's torts, this

liability is "personal" within the meaning of section 524 only to the extent necessary to sustain recovery against the insurer, not the debtor-insured. The *Mann* court concluded, as did other courts referenced in the opinion, that the pending tort action could proceed in order to permit the plaintiff to effect recovery against the insurance company. *In re Jet Systems, supra.*

Plaintiff's claim should be allowed to proceed against Kmart in order to sustain a recovery from its insurance carrier.

Respectfully submitted,

s/ Susan G. James
SUSAN G. JAMES
Attorney at Law
600 S. McDonough Street
Montgomery, Alabama 36104
Phone (334) 269-3330
Fax: (334) 263-4888
E-mail: sgjamesandassoc@aol.com
Bar No. ASB7956J64S

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark S. Boardman
Daniel P. Ogle
Boardman, Carr & Hutcheson, P.C.
400 Boardman Drive
Chelsea, AL 35043-8211

                                                              s/Susan G. James
                                                              SUSAN G. JAMES
Attorney at Law
600 S. McDonough Street
Montgomery, Alabama 36104
Phone (334) 269-3330
Fax: (334) 263-4888
E-mail: sgjamesandassoc@aol.com
Bar No. ASB7956J64S