IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RUTH ELIZABETH STONE,**   ) | |
|   ) | |
|   **Plaintiff,**   ) | |
|   ) | |
| v.   ) | |
|   )   Civil Action No.: 2:06-CV-00302-WKW | |
| **K MART CORPORATION, and ABC...**   ) | |
| **those persons, organizations, or**   ) | |
| **businesses whose names are unknown**   ) | |
| **at this time,**   ) | |
|   ) | |
|   **Defendants.**   ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

COMES NOW defendant Kmart Corporation (hereinafter "Kmart"), by and through the undersigned counsel, and for reply to plaintiff Ruth Elizabeth Stone's (hereinafter "plaintiff") Response to Kmart's Motion to Dismiss, states the following:

1. As reflected in the Bankruptcy Court order ("Confirmation Order") confirming Kmart's Reorganization Plan, §524(a) of the Bankruptcy Code explicitly voids any judgment on a debt discharged under § 1141 that is based upon the "personal liability of the debtor." 11 U.S.C. § 524(a)(1). It further operates as an injunction "against the commencement or continuation of an action ... to collect, recover, or offset any such debt as a personal liability of the debtor...." 11 U.S.C. § 524(a)(2). Article 10.4 of Kmart's Reorganization Plan requires that all requests for payment of administrative claims, including those of any claimant who believes that it holds a claim against Kmart that arose during the Chapter 11 proceedings, between January 22, 2002 and May 6, 2003, be filed on or before June 20, 2003 (the "Bar Date"). Based upon the Eleventh Circuit precedent cited by Kmart in its *Brief in Support of Motion to Dismiss*, the plaintiff's claim arose on April 1, 2002, when

she was arrested and charged with theft of property. In her response, the plaintiff does not dispute the fact that she did not file a claim with the Bankruptcy Court before the Bar Date of June 20, 2003. As a result, her claim should be barred and this action should be dismissed with prejudice.

2.  The plaintiff's claim that she should be able to proceed with this action solely for the purpose of determining the liability of a third party, such as an insurer, is without merit. In support of this argument, the plaintiff references the Eleventh Circuit's decision in *Jet Florida Systems, Inc. v. Owaski*, 883 F.2d 970 (11th Cir. 1989). However, *Owaski* is only applicable when there is "any other entity" who may be liable on behalf of the debtor. 11 U.S.C. § 524(e). In the instant case, Kmart was self-insured at the time the plaintiff's claim arose and has been self-insured from that point until the present. See Affidavit of Sally E. Rock, attached hereto as Exhibit A, ¶3. As a result, there is no third party who may be liable on behalf of Kmart for the plaintiff's claims.

The Court's holding in *Owaski* was predicated on the condition "that the debtor not be personally liable in a way that would interfere with the debtor's fresh start in economic life." 883 F.2d at 975. In fact, each of the decisions referenced in *Owaski* featured scenarios in which the debtor and his property were not subject to any risk due to the protection or coverage of an insurer, surety or other third party. *Id.* at 974; *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986). However, in the instant case, Kmart would be personally responsible for any judgment entered against it. As a result, allowing the instant action to proceed against Kmart would have the effect of "draining funds that would more properly be used in the revitalization of the reorganized corporation" and would also "frustrate the policy of the Bankruptcy Code in giving the debtor a fresh start in his economic life." *Owaski*, 883 F.2d at 974, 976 (quoting *In re Mann*, *supra*).

3.  The plaintiff also claims that she was not provided with notice of the Bar Date.

However, this claim must also fail since the plaintiff was provided with notice by publication. Where a possible claimant's claim is only conjectural, the claimant is considered to be "unknown," and publication notice is sufficient. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d. Cir. 1995) (notice by publication is sufficient for "unknown" creditors). An unknown creditor is described as one "whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge of the common trustee." *Id.* at 346 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)). Since the criminal proceeding against the plaintiff did not terminate until February 23, 2004, and Kmart did not know of the plaintiff's malicious prosecution claim until March 7, 2006, the plaintiff's claim was unknown at the time that the notice of the Bar Date was mailed and published.

Furthermore, publication of notice in a national newspaper is sufficient to satisfy due process rights in unknown creditors. See *In re Best Prods. Co.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992); *Matter of GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982); *The Charter Co. v. Ziegler*, 113 B.R. 725, 727-28 (M.D. Fla. 1990). In the present case, The Trumbull group, as administrator for Kmart's Chapter 11 bankruptcy case, published notice of the Confirmation Order and the May 3, 2003, Administrative Bar Date in the May 12, 2003, issues of the following national publications: The Wall Street Journal; The USA Today; and The New York Times. See Affidavit of Shannon Maloney, attached hereto as Exhibit B. By publishing notice of the Bar Date in three prominent, national newspapers over a month in advance of the Bar Date, Kmart satisfied the due process requirements of notice and an opportunity to respond and/or present claims.

4. Finally, Kmart notes that the plaintiff was an employee of Kmart on January 22, 2002, the date that Kmart's Chapter 11 Petition was filed. See Exhibit A, ¶ 2. In fact, Kmart's records

3

indicate that the plaintiff was an employee of Kmart until March 29, 2002, three days prior to her arrest. *Id*.  As an employee of Kmart, the plaintiff would have had actual notice of the bankruptcy filing and would have also been put on notice of the fact that deadlines for post-petition claims such as hers would be set by the Bankruptcy Court once the Confirmation Order was entered.  This form of notice, coupled with the publication notice referenced above, was sufficient to satisfy the plaintiff's due process rights as an unknown creditor.

WHEREFORE, premises considered, defendant Kmart Corporation respectfully requests that this Honorable Court dismiss this action with prejudice.

Respectfully submitted this the **8th** day of **May**, **2006.**

*/s/ Daniel P. Ogle*

Mark S. Boardman (BOA001)
Daniel P. Ogle (OGL008)
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 8, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan G. James, Esq.
Denise A. Simmons, Esq.
SUSAN G. JAMES & ASSOCIATES
Post Office Box 198
Montgomery, Alabama 36101-0198

*/s/ Daniel P. Ogle*
Of Counsel