# Exhibit B

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 07 2003
KENNETH S. GARDNER, CLERK
PS REP. - KS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 02-B02474 |
| | ) | (Jointly Administered) |
| KMART CORPORATION, et al., | ) | Chapter 11 |
| | ) | Chief Judge Susan Pierson Sonderby |
| | ) | |
| Debtors. | ) | |

**AMENDED AFFIDAVIT BY THE TRUMBULL GROUP f/k/a TRUMBULL ASSOCIATES, LLC f/k/a TRUMBULL SERVICES COMPANY, LLC, REGARDING PUBLICATION OF DEBTOR'S NOTICE REGARDING (A) ENTRY OF ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF KMART CORPORATION AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION, (B) OCCURRENCE OF EFFECTIVE DATE AND (C) NOTICE OF THE ADMINISTRATIVE BAR DATE (AMENDING DOCKET NO. 12439)**

I, Shannon Maloney, certify as follows:

1. I am a Bankruptcy Assistant for The Trumbull Group f/k/a Trumbull Associates and Trumbull Services, L.L.C. ("Trumbull"); the court appointed noticing and reconciliation agent of the above captioned debtor.

2. I caused to be published the Debtor's Notice Regarding (A) Entry of Order Confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and its Affiliated Debtors and Debtors-in-Possession, (B) Occurrence of Effective Date and (C) Notice of the Administrative Bar Date, date May 6, 2003, a copy of which is attached hereto as Exhibit "A", in the May 12, 2003 issues of (i) The Wall Street Journal, 545 E. John Carpenter Freeway, Suite 400, Irving, TX 75062, National edition (ii) The USA Today, 7950 Jones Branch Drive, McLean, VA 22108-0605 and (iii) The New York Times, 229 West 43rd Street, New York, NY 10036.

3. Copies of the publications will be made available by The Trumbull Group, 4 Griffin Road North, Windsor, CT 06095.

Executed in Windsor, CT this 6th day of October, 2003

Shannon Maloney
Shannon Maloney
Bankruptcy Assistant
The Trumbull Group

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | |
| | ) | SS: WINDSOR |
| COUNTY OF HARTFORD | ) | |

Subscribed, sworn to and acknowledged before me by Shannon Maloney, Bankruptcy Assistant of The Trumbull Group on the 6th day of October, 2003.

[signature]
Notary Public
My Commission Expires:

CHRISTINE M. SIROIS
NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 31, 2008

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:
KMART CORPORATION, et al.,
Debtors.

Case No. 02-B02474
(Jointly Administered)
Chapter 11
Hon. Susan Pierson Sonderby

## NOTICE REGARDING (A) ENTRY OF ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF KMART CORPORATION AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION, (B) OCCURRENCE OF EFFECTIVE DATE AND (C) NOTICE OF THE ADMINISTRATIVE BAR DATE

1. **Confirmation of the Plan.** On April 23, 2003, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and its Affiliated Debtors and Debtors-in-Possession, as modified, dated February 25, 2003 (the "Plan"), in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2. **Discharge of Claims and Termination of Interests.** Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Plan or in the Confirmation Order, the distributions and rights that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Confirmation Date (but subject to the occurrence of the Effective Date), of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Confirmation Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the Effective Date occurring.

3. **Releases by Debtors and Debtors-in-Possession.** Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 12.10 of the Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence or event in any manner related to any such Claims, Interests, restructuring or the Chapter 11 Cases. The Reorganized Debtors, the Kmart Creditor Trust, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by all of the releases set forth above. Notwithstanding the foregoing, nothing in the Plan shall be deemed to release any of the Debtors or the Plan Investors or their Affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.

4. **Releases by Holders of Claims and Interests.** On the Effective Date, (a) each Person that votes to accept this Plan; and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor), that has held, holds or may hold a Claim or Trust Preferred Obligation, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Plan and the Cash, New Holding Company Common Stock, and other contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Released Party from any Claim or Cause of Action existing as of the Effective Date arising from, based on or relating to, in whole or in part, the subject matter of, or the transaction or event giving rise to, the Claim or Trust Preferred Obligation of such Release Obligor, and any act, omission, occurrence or event in any manner related to such subject matter, transaction or obligation; provided, however, that, (A) Article 12.5 of the Plan is subject to and limited by Article 12.10 of the Plan; (B) Article 12.5 of the Plan shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date, based on (i) the Internal Revenue Code or other domestic state, city or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city or municipality, (iii) any criminal laws of the United States or any domestic state, city or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security; (C) Article 12.5 of the Plan shall not waive, impair or release any Claims or Causes of Action, if any, that any Release Obligor may have against any Released Party arising from a Trust Claim; and (D) Article 12.5 of the Plan shall not waive, impair or release any Securities Action, including, without limitation, all Subordinated Securities Claims against any Released Party, if any.

5. **Injunction.** Subject to Article 12.10 of the Plan, the satisfaction, release, and discharge pursuant to Article XII of the Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim or Cause of Action satisfied, released, or discharged under the Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

6. **Executory Contracts and Unexpired Leases to be Rejected.** Pursuant to Article 8.1 of the Plan, section 365 of the Bankruptcy Code and the Confirmation Order, the Debtors rejected, as of the Effective Date: (a) each Intercompany Executory Contract or Intercompany Unexpired Lease that (i) has been previously rejected by the Debtors by order of the Bankruptcy Court, (ii) is the subject of a motion to reject pending on or before the Effective Date, (iii) is listed on the schedule of rejected Intercompany Executory Contracts and Intercompany Unexpired Leases on Plan Exhibit L-1, or (iv) is otherwise rejected pursuant to the terms of the Plan; (b) each Employee-Related Agreement that (i) has not been previously assumed by the Debtors by order of the Bankruptcy Court, (ii) is not the subject of a motion to assume pending on or before the Effective Date, (iii) is not listed on the schedule of assumed Employee-Related Agreements on Plan Exhibit L-2, or (iv) is not otherwise assumed pursuant to the terms of the Plan; and (c) each Other Executory Contract or Unexpired Lease that (i) has not been previously assumed by the Debtors by order of the Bankruptcy Court, (ii) is not the subject of a motion to assume pending on or before the Effective Date, (iii) is not listed on the schedule of assumed Other Executory Contracts or Unexpired Leases on Plan Exhibit L-3, or (iv) is not otherwise assumed pursuant to the terms of this Plan. Copies of such Plan Exhibits may be obtained at the requesting parties' expense, upon written request, from the Debtors' Claims Agent, Trumbull Services Company, LLC, P.O. Box 425, Windsor, CT 06095, Attn: Kmart Corporation, et al. (website: www.trumbull-services.com/kmart/index.htm), or from the official document service provider, Landmark Document Services, 308 West Randolph Street, Suite 600, Chicago, IL 60606, Tel: (312) 845-1000, Fax: (312) 726-9027, or from the Bankruptcy Court PACER website, www.ilnb.uscourts.gov. If the Contract(s) and/or Lease(s) to which you are a party is rejected, and such rejection gives rise to any claims against the Debtors, you must file a proof of claim in accordance with the procedures set forth in section 7(e) below.

a. payment of Administrative Claims must be filed in substantially the form of the Administrative Claim Request Form on Plan Exhibit M with the Claims Agent, Trumbull Services Company, LLC, P.O. Box 425, Windsor, CT 06095, Attn: Kmart Corporation, et al. (website: www.trumbull-services.com/kmart/index.htm), and served on: (i) the undersigned counsel to the Debtors at the address listed below; and (ii) counsel to the Plan Investors: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles, Esq., no later than June 20, 2003. Any request for payment of an Administrative Claim pursuant to Article 10.4 of the Plan that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval, subject to review by the Post-Effective Date Committee. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim by the Claims/Interests Objection Deadline (which is currently November 3, 2003, but which Deadline may be extended), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

b. **Professional Claims, Key Ordinary Course Professional Claims and Statutory Committee Expense Reimbursement Bar Date.** All final requests for payment of Professional Claims, Key Ordinary Course Professional Claims, and requests for reimbursement of expenses of members of the Statutory Committees must be filed no later than July 31, 2003. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Professional Claims, Key Ordinary Course Professional Claims, and expenses shall be determined by the Bankruptcy Court. Upon the Effective Date, the requirement that Professionals or Key Ordinary Course Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate, and the Reorganized Debtors will employ and pay Professionals and Key Ordinary Course Professionals in the ordinary course of business.

c. **Substantial Contribution Bar Date.** Any Person who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code must file an application with the clerk of the Bankruptcy Court on or before June 30, 2003 (the "503 Deadline") and serve such application on: (i) the undersigned counsel to the Debtors at the address listed below; (ii) counsel to the Official Unsecured Creditors' Committee: Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, Attn: Glenn B. Rice, Esq. and Scott L. Hazan, Esq.; (iii) counsel to the Official Financial Institutions' Committee: Jones, Day, Reavis & Pogue, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190, Attn: Richard M. Cieri, Esq. and Jones, Day, Reavis & Pogue, 77 West Wacker Drive, Chicago, Illinois 60601-1692, Attn: Paul E. Harner, Esq.; (iv) counsel to the Official Committee of Equityholders: Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., 55 East Monroe Street, Suite 3700, Chicago, Illinois 60603, Attn: Randall L. Klein, Esq.; and (v) counsel to the Plan Investors: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles, Esq., as otherwise required by the Bankruptcy Code and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

d. **Exceptions to Requirement to File Administrative Claims.** Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim arising in the ordinary course of business as a result of retail merchandise or services provided by trade vendors or service providers which is paid or payable by the Debtors in the ordinary course of business.

e. **Payments Related to Assumption of Executory Contracts and Unexpired Leases.** Any person claiming that a monetary cure amount is due in connection with the assumption of any executory contract or unexpired lease as contemplated by section 365(b) of the Bankruptcy Code must file a monetary cure claim with the Bankruptcy Court asserting all alleged amounts accrued through the Effective Date, if any (a "Cure Claim"), no later than June 20, 2003 (the "Cure Claim Submission Deadline"). Any party failing to submit a Cure Claim by the Cure Claim Submission Deadline shall be forever barred from asserting, collecting, or seeking to collect any amounts relating thereto against the Debtors or the Reorganized Debtors. In the case of a Cure Claim related to an unexpired lease of non-residential real property, such Cure Claim must include a breakdown by store by category of all amounts claimed, including, but not limited to, amounts for real estate taxes, common area maintenance, and rent. To the extent you and the applicable Debtor have entered into an agreement regarding the terms applicable in the event of the assumption of your lease or contract, the payment of the Cure Claim will be as set forth in such agreement ("Assumption Agreement"). If there is no Assumption Agreement in effect regarding the Cure Claim due for such assumed leases and/or agreements or the applicable Debtor asserts that no Cure Claim is due, i.e., the Cure Claim is zero. The Debtors shall have thirty (30) days from the Cure Claim Submission Deadline or the date a Cure Claim is actually filed, whichever is later, to file an objection to the Cure Claim. Any disputed Cure Claims shall be resolved either consensually by the parties or by the Court. If the Debtors do not dispute a Cure Claim, the Debtors shall pay the Cure Claim, if any, to the claimant within twenty (20) days of the Cure Claim Submission Deadline. Disputed Cure Claims that are resolved by agreement or Final Order shall be paid by the Debtors within twenty (20) days of such agreement or Final Order.

f. **Bar Date for Proofs of Claim.** If the rejection by the Debtors (pursuant to the Plan or otherwise) of an Intercompany Executory Contract, Intercompany Unexpired Lease, Employee-Related Agreement, or Other Executory Contract or Unexpired Lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors, the Plan Investors, or such entities' properties unless a proof of claim is filed with the Claims Agent, Trumbull Services Company, LLC, P.O. Box 425, Windsor, CT 06095, Attn: Kmart Corporation, et al. (website: www.trumbull-services.com/kmart/index.htm) and served upon: (i) the undersigned counsel to the Debtors at the address listed below; (ii) counsel to the Post-Effective Date Committee and Official Unsecured Creditors' Committee: Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, Attn: Glenn B. Rice, Esq. and Scott L. Hazan, Esq., and Winston & Strawn, 35 West Wacker Drive, Chicago, IL 60601-9703, Attn: Matthew J. Botica, Esq.; (iii) counsel to the Official Financial Institutions' Committee: Jones, Day, Reavis & Pogue, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190, Attn: Richard M. Cieri, Esq. and Jones, Day, Reavis & Pogue, 77 West Wacker Drive, Chicago, Illinois 60601-1692, Attn: Paul E. Harner, Esq.; and (iv) counsel to the Plan Investors: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles, Esq. within thirty (30) days after service of the later of (A) notice of the Confirmation Order or (b) other notice that the executory contract or unexpired lease has been rejected.

8. **Effective Date.** On May 6, 2003, the Effective Date of the Plan occurred.

9. **Record Date.** The record date for distributions provided for in the Plan shall be the opening of business as of the Effective Date.

10. **Administrative Bar Date.** Pursuant to 7(a) of this Notice and Article 10.4 of the Plan, all requests for payment of Administrative Claims must be filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors no later than June 20, 2003.

Dated: Chicago, Illinois
May 8, 2003

Respectfully submitted,
KMART CORPORATION, et al.

By: /s/ Julian C. Day
Julian C. Day
President and CEO of Kmart Holding Corporation and Kmart Management Corporation, and President of Kmart Corporation on behalf of Kmart Corporation and each of its subsidiaries formerly Debtors-in-Possession

- and -

By: /s/
John Wm. Butler, Jr. (ARDC No. 06229073)
J. Eric Ivester (ARDC No. 06216581)
Mark A. McDermott (ARDC No. 06209460)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM (ILLINOIS)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700
Attorneys for the Debtors and Debtors-in-Possession

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

KMART CORPORATION, et al.,

Debtors.

Case No. 02-B02474
(Jointly Administered)
Chapter 11
Hon. Susan Pierson Sonderby

## NOTICE REGARDING (A) ENTRY OF ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF KMART CORPORATION AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION, (B) OCCURRENCE OF EFFECTIVE DATE AND (C) NOTICE OF THE ADMINISTRATIVE BAR DATE

1. Confirmation of the Plan. On April 23, 2003, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and its Affiliated Debtors and Debtors-in-Possession, as modified, dated February 25, 2003 (the "Plan"), in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2. Discharge of Claims and Termination of Interests. [illegible]

3. Releases by Debtors and Debtors-in-Possession. [illegible]

4. Releases by Holders of Claims and Interests. [illegible]

5. Injunction. [illegible]

6. Executory Contracts and Unexpired Leases to be Rejected. [illegible]

7. Bar Dates.

a. Administrative Claims Bar Date. [illegible]

b. [illegible]

c. [illegible]

d. [illegible]

e. [illegible]

f. [illegible]

8. Effective Date. On May 6, 2003, the Effective Date of the Plan occurred.

9. Record Date. The record date for distributions provided for in the Plan shall be the opening of business as of the Effective Date.

10. Administrative Bar Date: Pursuant to 7(a) of this Notice and Article 10.4 of the Plan, all requests for payment of Administrative Cla[illegible] must be filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors no later than June 20, 2003.

Dated: Chicago, Illinois
May 6, 2003

Respectfully submitted,
KMART CORPORATION, et al.,

By: [signature]
Julian C. Day
President and CEO of Kmart Holding Corporation and Kmart Management Corporation, and President of Kmart Corporation on behalf of Kmart Corporation and each of its subsidiaries formerly Debtors-in-Possession

- and -

By: [signature]
John Wm. Butler, Jr. (ARDC No. [illegible])
J. Eric Ivester (ARDC No. [illegible])
Mark A. McDermott (ARDC No. [illegible])
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM (ILLINOIS)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700
Attorneys for the Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

KMART CORPORATION, et al.,

Debtors.

Case No. 02-B02474
(Jointly Administered)
Chapter 11
Hon. Susan Pierson Sonderby

**NOTICE REGARDING (A) ENTRY OF ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF KMART CORPORATION AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION, (B) OCCURRENCE OF EFFECTIVE DATE AND (C) NOTICE OF THE ADMINISTRATIVE BAR DATE**

1. Confirmation of the Plan. On April 22, 2003, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and its Affiliated Debtors and Debtors-in-Possession, as modified, dated February 25, 2003 (the "Plan"), in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2. Discharge of Claims and Termination of Interests. Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Plan or in the Confirmation Order, the distributions and rights that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Confirmation Date (but subject to the occurrence of the Effective Date), of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Confirmation Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not [illegible]

3. Releases by Debtors and Debtors-in-Possession. [illegible]

4. Releases by Holders of Claims and Interests. [illegible]

5. Injunction. [illegible]

6. Executory Contracts and Unexpired Leases to be Rejected. [illegible]

7. Bar Dates.

a. Administrative Claims Bar Date. [illegible]

b. Professional Claims, Key Ordinary Course Professional Claims and Statutory Committee Expense Reimbursement Bar Date. [illegible]

c. Substantial Contribution Bar Date. [illegible]

d. Exceptions to Requirement to File Administrative Claims. [illegible]

e. Payments Related to Assumption of Executory Contracts and Unexpired Leases. [illegible]

f. Bar Date for Proofs of Claim. [illegible] Investors, or such entities' properties unless a proof of claim is filed with the Claims Agent, Trumbull Services Company, LLC, P.O. Box 426, Windsor, CT 06095, Attn: Kmart Corporation, et. al. (website: www.trumbull-services.com/kmart/index.htm) and served upon: (i) the undersigned counsel to the Debtors at the address listed below; (ii) counsel to the Post-Effective Date Committee and Official Unsecured Creditors' Committee: Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, Attn: [illegible], Esq. and Scott L. Hazan, Esq., and Winston & Strawn, 35 West Wacker Drive, Chicago, IL 60601-9703, Attn: Matthew J. Botica, Esq.; (iii) counsel to the Official Financial Institutions' Committee: Jones, Day, Reavis & Pogue, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190, Attn: Richard M. Cieri, Esq. and Jones, Day, Reavis & Pogue, 77 West Wacker Drive, Chicago, Illinois 60601-1692, Attn: Paul E. Harner, Esq.; and (iv) counsel to the Plan Investors: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019, Attn: Scott K. Charles, Esq. within thirty (30) days after service of the later of (a) notice of the Confirmation Order or (b) other notice that the executory contract or unexpired lease has been rejected.

8. Effective Date. On May 6, 2003, the Effective Date of the Plan occurred.

9. Record Date. The record date for distributions provided for in the Plan shall be the opening of business as of the Effective Date.

10. Administrative Bar Date. Pursuant to 7(a) of this Notice and Article 10.4 of the Plan, all requests for payment of Administrative Claims must be filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors no later than June 20, 2003.

Dated: Chicago, Illinois
May 6, 2003

Respectfully submitted,
KMART CORPORATION, et al.,

By: [signature]
Julian C. Day
President and CEO of Kmart Holding Corporation and Kmart Management Corporation, and President of Kmart Corporation on behalf of Kmart Corporation and each of its subsidiaries formerly Debtors-in-Possession

- and -

By: [signature]
John Wm. Butler, Jr. (ARDC No. [illegible])
J. Eric Ivester (ARDC No. 06215581)
Mark A. McDermott (ARDC No. [illegible])
SKADDEN, ARPS, SLATE, MEAGHER & FLOM (ILLINOIS)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0601
Attorneys for the Debtors and Debtors-in-Possession