IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUTH ELIZABETH STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-302-WKW |
| ) | |
| KMART CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant Kmart Corporation's ("Kmart" and sometimes referred to as the "Defendant") Motion to Dismiss (Doc. # 1) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's Motion to Dismiss is due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY[1]

Ruth Elizabeth Stone ("Stone" and sometimes referred to as the "Plaintiff") was arrested and charged with theft of property from Kmart on April 1, 2002. On February 23, 2004, the charge against Plaintiff was *nolle prosequi*, and she subsequently filed this action in state court exactly two years later, on February 23, 2006, claiming the proceedings instituted by Kmart were done maliciously and without probable cause. Kmart timely removed the case to this court on April 5, 2006, and filed the instant Motion to Dismiss on April 6, 2006.

On June 22, 2002, Kmart filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. Kmart's First Amended Joint Plan of Reorganization ("Reorganization Plan") became effective on May 6, 2003. Pursuant to the terms of the Reorganization Plan, personal injury claims against Kmart arising between

---

[1] Under the dismissal standard, the court must accept all facts that are pled as true.

January 22, 2002, and May 6, 2003, were to be filed on or before June 20, 2003 (the "Bar Date"). All personal injury claims not filed before the Bar Date were lost, with the Reorganization Plan operating as an injunction against the commencement of litigation on any such claims.

Kmart's Motion to Dismiss claims the full benefit of the Bar Date to preclude Plaintiff's malicious prosecution action. Kmart claims the cause of action "arose" during the claim period because the arrest occurred during that period. Plaintiff responds that her cause of action for malicious prosecution did not accrue until all the elements were in place, which was February 23, 2004, when the charges were *nolle prosequi*. She further alleges she is pursuing third party insurance benefits. However, Kmart appears to be self-insured. (Rock Aff. ¶ 3.)

## II. STANDARD FOR DISMISSAL

"Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted." *Gorman v. Roberts*, 909 F. Supp. 1493, 1497 (M.D. Ala. 1995). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577 (11th Cir. 1986)). The Court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### III.  DISCUSSION

Kmart argues that Stone's claims must be dismissed because the Reorganization Plan bars Stone's malicious prosecution action.  Under Alabama law, the necessary elements for a malicious prosecution action are: "(1) institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) injury or damage as the result of the prosecution's complaint." *Kroger Co. v. Puckett*, 351 So. 2d 582, 585 (Ala. Civ. App. 1977).  Alabama jurisprudence has consistently held that "[m]alicious prosecution actions are disfavored in the law for the very reason that 'anyone who has reasonable cause to believe that there is reasonable cause for legal redress and protection has a lawful right to seek such redress without risk of being sued and having to respond in damages for seeking successfully to enforce his rights.'" *Shoney's Inc. v. Barnett*, 773 So. 2d 1015, 1023 (Ala. Civ. App. 1999) (quoting *Alabama Power Co. v. Neighbors*, 402 So. 2d 958, 962 (Ala. 1981)).

The issue is not whether Plaintiff's claim fulfills the elements of a malicious prosecution action, but the specific point of accrual for Stone's claim.  Kmart contends that the action accrued at the moment of the theft, while Stone contends that the action accrued at the moment the charges were *nol-prosed*.  The court agrees with Stone that her malicious prosecution action accrued at the time that the proceeding terminated in her favor - - more specifically, when the charges were *nol-prosed* by the prosecutor.  The basic elements to a malicious prosecution action require that the proceeding *terminate* in the plaintiff's favor before she can even put ink to a complaint.  *See Barrett Mobile Home Transport, Inc. v. McGugin*, 530 So. 2d 730 (Ala. 1988) (holding that a malicious prosecution action does not accrue until the the action terminates in favor of the plaintiff).  Without the aforementioned necessary element of the claim, Plaintiff

is without a cause of action. Plaintiff's malicious prosecution action, if filed at the time of theft, would have been premature. On February 23, 2004, the time that the charges were *nol-prosed*, Plaintiff's cause of action accrued for state law purposes.

Kmart, however, argues that even if Alabama law considers the accrual date of a malicious prosecution action to be the time that the case terminated in favor of the Plaintiff, the definition of a claim under the Bankruptcy Code is broad and should include Plaintiff's cause of action. Defendant avers that Plaintiff should have filed her malicious prosecution claim with the Trustee of the bankruptcy estate before the Bar Date for all claims against Kmart. Further, Kmart says that because Plaintiff did not file the action at that time, she is foreclosed from filing her claim at all against Kmart. Kmart argues that the definition of claim entails even claims that have yet to accrue, including Plaintiff's malicious prosecution claim.

The court agrees with Defendant's analysis based upon Eleventh Circuit precedent. The definition of the term claim as used in the Bankruptcy Code is:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). Because the purpose behind bankruptcy law is to provide the debtor with a "fresh start," "[t]he legislative history of the [Bankruptcy] Code suggests that Congress intended to define the term claim very broadly under § 101(5), so that 'all legal obligations of the debtor, *no matter how remote or contingent*, will be able to be dealt with in the bankruptcy case.'" *Epstein v. Off. Com. of Unsecured Creditors of the Est. of Piper Aircraft,* 58 F.3d 1573, 1576 (11th Cir. 1995) (quoting H.R. Rep. No. 95-595, (1978)) (emphasis added). Further, as an extension of its interpretation of legislative history, the Eleventh

4

Circuit has rejected the "accrued state law claim test" of other circuits, a test which "states that there is no claim for bankruptcy purposes until a claim has accrued under state law." *Piper*, 58 F.3d at 1576 n.2.

The accrual time for Plaintiff's malicious prosecution claim under Alabama law does not control this action. The relevant inquiry is whether a claim has accrued under bankruptcy law based upon the statutory definition of a claim. The court finds that Plaintiff's claim accrued for purposes of bankruptcy law prior to the Bar Date. Applying the broad definition of claim to the facts of this case, Plaintiff, at the time of her arrest, had an arguably remote claim for malicious prosecution against Kmart. The scope of the term claim, as determined through the legislative history of the Bankruptcy Code, is more than broad enough to accommodate a malicious prosecution action, although the action has not accrued for purposes of state law. *See also In re M.A.S. Realty Corp.*, 138 B.R. 234, 237-38 ("[A] non-debtor party to an executory contract does not need to wait until the contract is rejected or otherwise breached in order to have a claim within the broad meaning of the Code."). The claim is contingent upon termination of the criminal case in favor of Plaintiff, which at least arguably would happen at some point during her criminal investigation or trial. That makes the claim at least "contingent" or "unmatured" in the context of the Code. Although, at first blush, the result seems unfair to Plaintiff, her claim is inextricably intertwined with the pre-bankruptcy state of Kmart, and therefore, if allowed, would render the "fresh start" mandate of Congress meaningless.

Plaintiff contends that she can still maintain an action against Defendant's insurance company for her claim. However, Sally E. Rock, a claims manager for Kmart, submitted an affidavit stating that Kmart is a self-insured entity. (Rock Aff. ¶ 3.) Because Kmart is self-insured, any judgment against it would be paid solely by Kmart, rather than by a third party insurance company. For this reason, Plaintiff's original theory that the insurance company, rather than Kmart, would pay for a judgment is misplaced.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that

1. Defendant's Motion to Dismiss (Doc. # 1) is GRANTED;

2. This action is due to be DISMISSED; and

3. An appropriate judgment will be entered.

DONE this 30th day of March, 2007.

                                         /s/  W.  Keith Watkins
                                   UNITED STATES DISTRICT JUDGE